No. 2024-1670

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

---

CHRISTOPHER C. HAMBIDGE,

Claimant-Appellant,

v.

DENIS MCDONOUGH,
Secretary of Veterans Affairs,

Respondent-Appellee.

---

On Appeal from the United States Court of Appeals for Veterans Claims in case no.
23-2589, Judge Joseph L. Toth.

---

## RESPONDENT-APPELLEE'S BRIEF

---

*Of Counsel:*

Y. KEN LEE
  *Deputy Chief Counsel*
AMANDA BLACKMON
  *Attorney*

*U.S. Department of Veterans Affairs*

BRIAN M. BOYNTON
  *Principal Deputy Assistant Attorney General*

PATRICA M. McCARTHY
  *Director*

WILLIAM J. GRIMALDI
ANTHONY F. SCHIAVETTI
  *Attorneys, Commercial Litigation Branch*
  *Civil Division, U.S. Department of Justice*
  *P.O. Box 480, Ben Franklin Station*
  *Washington, DC 20044*
  *(202) 305-7572*

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..........................................................................................................1

STATEMENT OF JURISDICTION ...........................................................................2

STATEMENT OF THE ISSUE.....................................................................................3

STATEMENT OF THE CASE.......................................................................................3

     A.    Statutory and Regulatory Background...........................................................3

     B.    Factual Background ........................................................................................4

     C.    Prior Proceedings...........................................................................................6

SUMMARY OF ARGUMENT.................................................................................... 10

ARGUMENT ................................................................................................................. 12

I.    Standard of Review................................................................................................ 12

II.    The Veterans Court Did Not Abuse its Discretion in Denying
Extraordinary Relief ............................................................................................ 13

     A.    The Veterans Court Did Not Improperly Impose Too High a
Burden on Mr. Hambidge to Demonstrate Entitlement to a Writ ..........14

     B.    The Veterans Court Did Not Abuse its Discretion in Finding that
Mr. Hambidge Had Not Demonstrated Irreparable Harm......................18

     C.    The Veterans Court Did Not Abuse its Discretion in Finding that
Mr. Hambidge Had an Adequate Alternative Means of Seeking
Relief ............................................................................................................22

CONCLUSION .............................................................................................................. 25

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Altana Pharma AG v. Teva Pharms. USA, Inc.,,*
566 F.3d 999 (Fed. Cir. 2009) ...................................................................17

*Amazon.com, Inc. v. Barnesandnoble.com, Inc.,*
239 F.3d 1343 (Fed. Cir. 2001) ................................................................18

*Amoco Prod. Co. v. Vill. of Gambell, AK,*
480 U.S. 531 (1987) ...................................................................................16

*Beasley v. Shinseki,*
709 F.3d 1154 (Fed. Cir. 2013) ...................................................................3

*Budget Rent A Car Sys., Inc. v. Miles,*
No. C2-04-CV-1205, 2006 WL 2373255 (S.D. Ohio Aug. 14, 2006) ........16

*Burris v. Wilkie,*
888 F.3d 1352 (Fed. Cir. 2018) ................................................................23

*Clinton v. Goldsmith,*
526 U.S. 529 (1999) .............................................................................17, 24

*Cox v. West,*
149 F.3d 1360 (Fed. Cir. 1998) ................................................................14

*FMC Corp. v. United States,*
3 F.3d 424 (Fed. Cir. 1993).......................................................................13

*Insulet Corp. v. EOFlow, Co.,*
104 F.4th 873 (Fed. Cir. 2024) .................................................................15

*Koninklijke Philips N.V. v. Thales DIS AIS USA LLC,*
39 F.4th 1377 (Fed. Cir. 2022) .................................................................19

*Lab. Corp. of Am. Holdings v. Chiron Corp.,*
384 F.3d 1326 (Fed. Cir. 2004) ................................................................13

*Lamb v. Principi,*
284 F.3d 1378 (Fed. Cir. 2002) .....................................................12, 14, 16

*Monk v. Shulkin*,
    855 F.3d 1312 (Fed. Cir. 2017) ........................................................14

*New England Braiding Co., Inc. v. A. W. Chesterton Co.*,
    970 F.2d 878 (Fed. Cir. 1992) ..........................................................13

*Nken v. Holder*,
    556 U.S. 418 (2009) ..........................................................................18

*Parks v. Shinseki*,
    716 F.3d 581 (Fed. Cir. 2013) ..........................................................21

*Qingdao Taifa Grp. Co. v. United States*,
    581 F.3d 1375 (Fed. Cir. 2009) ........................................................15

*Square One Armoring Serv., Inc. v. United States*,
    123 Fed. Cl. 309 (2015) .....................................................................21

*Winter v. Natural Resources Defense Counsel, Inc.*,
    555 U.S. 7 (2008) .......................................................................15, 19

*Zenith Radio Corp. v. United States*,
    710 F.2d 806 (Fed. Cir. 1983) .....................................................12, 15

## Statutes

28 U.S.C. § 1651 ............................................................................... 1, 24

38 U.S.C. § 503 ......................................................................................23

38 U.S.C. § 3301 *et seq.* ..........................................................................4

38 U.S.C. § 3500 *et seq.* ..........................................................................3

38 U.S.C. § 3695 .........................................................................1, 4, 6, 8

38 U.S.C. § 7292 ......................................................................................2

## Regulations

38 C.F.R. § 21.4020 ........................................................................passim

## STATEMENT OF RELATED CASES

No other appeal in or from the present civil action has previously been before this or any other appellate court, other than the United States Court of Appeals for Veterans Claims from which the decision has been appealed. The Government is not aware of any related cases within the meaning of Federal Circuit Rule 47.5(b).

# INTRODUCTION

Claimant-appellant, Christopher C. Hambidge, applied to use veteran's education assistance benefits that he earned though both his own and his father's military service. Mr. Hambidge used educational assistance earned based on his father's service to pay for his undergraduate degree program. He then served himself in the U.S. Army and applied to use those education benefits for a graduate program. The Department of Veterans Affairs (VA) initially issued a Certificate of Eligibility (COE) that recognized that he was entitled to use these earned benefits, but erroneously explained that he would be limited to only another seven months and five days of benefits, because the aggregate period for which he could receive benefits under any combination of programs was capped at 48 months. This was in error. Section 3695 of title 38, United States Code, the law which provided for the 48-month aggregate period for which any person may receive VA education benefits under two or more programs, was amended in 2012 to provide an 81-month aggregate period under Mr. Hambidge's circumstances. The VA's initial COE cited its regulation, 38 C.F.R. § 21.4020, which predates the statutory amendment and has not, to date, been amended to conform with it.

Mr. Hambidge appealed the education benefits entitlement determination to the Board of Veterans' Appeals (board). He then petitioned the U.S. Court of Appeals for Veterans Claims (Veterans Court), under the All Writs Act (AWA), 28

U.S.C. § 1651, for an injunction preventing VA from applying its regulation to limit his entitlement while his board appeal proceeded.

Shortly thereafter, VA corrected its error and issued Mr. Hambidge a new COE, reflecting his entitlement to the full use of the education benefits he has earned, without limitation.

The Veterans Court then denied Mr. Hambidge's petition for extraordinary relief. It determined that because the VA has found that Mr. Hambidge is eligible to use his full allotment of education benefits, he failed to establish irreparable harm. The Veterans Court also found that, in the event that his petition could be construed to also include a request for a writ of mandamus, such relief should also be denied because Mr. Hambidge had an adequate alternative means of relief to challenge any future adverse determination which may affect his continued entitlement to education benefits. This appeal followed.

## STATEMENT OF JURISDICTION

This Court's jurisdiction to review decisions of the Veterans Court is limited by statute. *See* 38 U.S.C. § 7292. The Court may review "the validity of a decision of the Court on a rule of law or of any statute or regulation . . . or any interpretation thereof . . . that was relied on by the Court in making the decision." 38 U.S.C. § 7292(a). The Court has jurisdiction to review the Veterans Court's decision whether to grant extraordinary relief. Although this Court "may not review the factual merits of the veteran's claim," the Court "may determine whether the petitioner has satisfied the

legal standard for issuing the writ." *Beasley v. Shinseki*, 709 F.3d 1154, 1158 (Fed. Cir. 2013).

## STATEMENT OF THE ISSUE

The Veterans Court denied Mr. Hambidge's petition for extraordinary relief under the AWA, holding that, after the VA granted him the full educational benefits to which he is entitled, he had not demonstrated irreparable harm or that he did not possess adequate alternative means of relief. The issue in this case is whether the Veterans Court abused its discretion in denying Mr. Hambidge's petition for extraordinary relief.

## STATEMENT OF THE CASE

### A.     Statutory and Regulatory Background

Several statutory programs establish educational benefits for qualified individuals based on military service, either for the individual who served or for their family members. One such program is the Survivors' and Dependents' Educational Assistance Program, which provides educational benefits for family members of service members killed or disabled during their period of service. Because the program is codified at 38 U.S.C. §§ 3500 *et seq.*, benefits under the program are often referred to as chapter 35 benefits.

The Post-9/11 Veterans Education Assistance Act of 2008, also called the Post-9/11 GI Bill, established another such program to benefit those who served in the armed forces after September 11, 2001. Because the program is codified at 38

U.S.C. §§ 3301 *et seq.*, Post-9/11 GI Bill benefits are often referred to as chapter 33 benefits.

Limitations apply on the combination of benefits under more than one veterans educational benefit program. In general, 38 U.S.C. § 3695 limits benefits used by any individual to an aggregate total of 48 months. Pursuant to an amendment effective on October 1, 2013, however, the statute now permits the combination of chapter 35 benefits with other educational benefits (including those earned under chapter 33) up to a total of 81 months. Compare 38 U.S.C. § 3695(b) (2009) *with* 38 U.S.C. § 3695(c) (2013).

VA implemented the limitations contained in 38 U.S.C. § 3695 via regulation codified at 38 C.F.R. § 21.4020. The current version of the regulation took effect on August 1, 2009 – the same date on which the version of 38 U.S.C. § 3695 prior to the amendment described above took effect. The regulation, however, has not been updated to reflect the changes in the statute. As such, it does not contain a section (c) permitting the combination of chapter 35 benefits with other educational benefits up to a total of 81 months. 38 C.F.R. § 21.4020. Rather, it states only the general 48-month limitation still applicable in most cases and formerly applicable also to chapter 35 benefit combinations. *Id.*

### B. Factual Background

Mr. Hambidge completed his undergraduate degree at The Citadel, the Military College of South Carolina. Appx1. He used chapter 35 benefits earned based on his

father's military service to pay for his undergraduate education.  *Id.*  After graduating, Mr. Hambidge served as an officer the United States Army for over a decade.  *Id.*

In January 2023, Mr. Hambidge enrolled in a graduate degree program at the University of North Carolina (UNC) at Chapel Hill.  *Id.*  Mr. Hambidge is attending full-time and plans to graduate in December 2024.  *Id.*

Before enrolling at UNC, Mr. Hambidge applied for Chapter 33 education assistance based on his own qualifying service.  Appx2.  In September 2022, a VA regional office (RO) issued a COE.  *Id.*; Appx48-53.  The certificate stated that Mr. Hambidge was entitled to "100% of the benefits payable under the Post-9/11 GI Bill program (Chapter 33) for training offered by an institution of higher education," but indicated that he could only receive seven months and five days of those benefits. Appx2; Appx48.  Mr. Hambidge requested an audit of the Chapter 35 education benefits he had used and a clarification regarding the impact of using those benefits on his receipt of Chapter 33 education benefits.  Appx2.  In response, the RO informed Mr. Hambidge that entitlement is limited to a maximum of 48 months of entitlement when using benefits under two or more programs, explaining that:

> the aggregate period for which any person may receive education benefits assistance under any combination of VA education programs may not exceed 48 months.  Because you previously used 40 months and 25 days of benefits under Chapter 35, you may only be granted a maximum of 7 months and 5 days under the Post-9/11 GI Bill (Chapter 33).

*Id.*; Appx58.  The RO relied on 38 C.F.R. § 21.4020, which, as described above,

implements the general limitation from 38 U.S.C. § 3695 for a veteran with entitlement under two or more of the listed programs to an aggregate maximum period of 48 months, but which does not implement the additional subsection, later added to the statute, providing for an 81-month limit when combining benefits like chapter 33 benefits with chapter 35 benefits. Appx 2; Appx58.

In December 2022, Mr. Hambidge filed a direct appeal to the board regarding the September 2022 COE. *Id.* The board appeal remains pending as of the filing of this brief.

On May 17, 2023, the RO issued to Mr. Hambidge a new COE. Appx89-96. The new COE reaffirmed that Mr. Hambidge was entitled to "100% of the benefits payable under the Post-9/11 GI Bill program (Chapter 33) for training offered by an institution of higher education." Appx89. The COE did not, however, limit eligibility to use these benefits under 38 C.F.R. § 21.4020. Rather, it accurately reflected his full allotment of education benefits and informed Mr. Hambidge that he had 33 months and 15 days of full-time chapter 33 education benefits remaining, with no delimiting date. *Id.*

## C.    Prior Proceedings

On May 1, 2023, Mr. Hambidge filed a petition for extraordinary relief with the Veterans Court, seeking to enjoin VA from applying 38 C.F.R. § 21.4020 to limit his entitlement to Chapter 33 education benefits while his board appeal was pending. Appx2, Appx44. Just over two weeks later, the RO issued the new COE described

above, restoring Mr. Hambidge's entitlement to all of the chapter 33 benefits for which he applied. Appx2; Appx89. The Veterans Court then ordered Mr. Hambidge to explain why the case was not moot, Appx224, and to clarify whether he was still pursuing his board appeal, Appx249.

After Mr. Hambidge made clear that he would continue to pursue relief in both venues, the Veterans Court issued its opinion, in which the majority of a three-judge panel denied the petition for extraordinary relief. Appx1-15. The Veterans Court determined that extraordinary relief was not warranted because Mr. Hambidge possessed an adequate alternative means of relief via the administrative appeals process to the board. Appx1. Moreover, the Veterans Court concluded that the threat of irreparable harm "has been removed by action that correctly calculated Mr. Hambidge's eligibility for continued chapter 33 education benefits and did so before the fall 2023 semester began." *Id.* Absent irreparable harm, the Veteran's Court found that the extraordinary relief that Mr. Hambidge sought was not warranted. *Id.*

Regarding alleged irreparable harm, Mr. Hambidge had argued that although VA had issued a corrected COE, injunctive relief was still necessary to prevent possible future application of the outdated VA regulation to limit his entitlement to education benefits. Appx5. Mr. Hambidge had alleged that a board decision on his appeal would not likely issue before the term of remaining benefits calculated in the

initial COE expired.  *Id.*   To preserve the Veterans Court's jurisdiction to address this harm, he had sought injunctive relief.[1]  *Id.*

The Veterans Court acknowledged that the RO's calculation of education benefits reflected in the initial COE was inconsistent with application of the amended statute and further stated that it was "baffled by [VA's] failure to revise section 21.4020 to reflect the changes that Congress made to section 3695 a dozen years ago." Appx4.  The Veterans Court, however, found that the irreparable harm Mr. Hambidge alleged—the threatened disruption of his education program—no longer existed.  Appx5.  The Veterans Court found that the new COE, which reflects Mr. Hambidge's entitlement to the full 36 months of chapter 33 benefits he had earned, would allow him to complete his graduate program.  *Id.*  The Veterans Court was "not persuaded" by Mr. Hambidge's allegation that reapplication of the regulation during the course of his education was likely, such that the threat of irreparable harm persisted.  Appx5-6.  The Veterans Court instead found that, because the entitlement issue had been resolved, "there is no likelihood that [VA] will have occasion … to apply 21.4020's 48-month cap to him," noting also that other program procedures and reporting requirements would be unlikely to "trigger a redetermination by VA of the full extent of Chapter 33 education benefits [he] is entitled to receive."  Appx6. (citing various certifications required of institutions of higher learning and

---

[1] Mr. Hambidge is scheduled to graduate from his MBA program in December 2024.

beneficiaries that report and verify school enrollment). Accordingly, the Veterans Court held that Mr. Hambidge was not entitled to injunctive relief. Appx6.

Additionally, the Veterans Court construed Mr. Hambidge's petition to potentially include a request for a writ of mandamus, which it also denied. Appx3. As to this alternative request, the Veterans Court found that Mr. Hambidge was not without adequate alternative means of attaining relief through an administrative appeal, noting that Mr. Hambidge continued (and still continues) to pursue such an appeal before the board. Appx5. The Veterans Court found that he had not alleged "that his administrative appeal is being unreasonably delayed" or that "there is any impediment to [the Veterans Court's] review of a Board decision adverse to him." *Id.* Accordingly, the Veterans Court found that extraordinary relief was not warranted. *Id.*

Judge Falvey wrote a concurring opinion in which he explained that he "fully agree[d] with the majority opinion." Appx6. He wrote separately to emphasize his opinion that Mr. Hambidge had "fundamentally failed to show that a writ would be in aid of [the Veterans Court's] jurisdiction. *Id.* Specifically, he wrote, "Mr. Hambidge has not shown how our prospective jurisdiction would be jeopardized by him going through the regular appellate process." *Id.*

Judge Jaquith wrote a dissenting opinion expressing his opinion that a preliminary injunction was warranted "to preserve the status quo pending the resolution of [Mr. Hambidge's] appeal." Appx15. In his view, a preliminary

injunction was warranted because he thought that Mr. Hambidge had demonstrated an extremely strong likelihood of success on the merits, a viable threat of irreparable harm that both could render his alternative path to relief inadequate and would defeat the court's prospective jurisdiction, that the balance of equities overwhelmingly favored him, and that injunction was in the public interest. Appx7.

## SUMMARY OF ARGUMENT

The Veterans Court did not abuse its discretion when it denied Mr. Hambidge's AWA petition for extraordinary relief. Mr. Hambidge sought a preliminary injunction to prevent VA from applying its outdated regulation, which is inconsistent with a later statutory amendment, to improperly limit his use of education benefits he has earned. But VA has corrected its prior erroneous limitation and restored to Mr. Hambidge full eligibility to use the benefits he has earned. The Veterans Court reasonably found that Mr. Hambidge failed to demonstrate entitlement to extraordinary relief, during the pendency of his administrative appeal before the board, in the wake of VA's correction of its prior error.

Each of Mr. Hambidge's arguments in this appeal fail. The Veterans Court did not employ the wrong standard in reviewing his request for a preliminary injunction under the AWA. Instead, the Veterans Court expressly stated the applicable test and applied the proper analysis to this case. The Veterans Court's analysis of alternative means of seeking relief was appropriate for at least two reasons. First, Mr. Hambidge sought extraordinary relief under the AWA while his board appeal remained pending,

and further acknowledged that he would accept relief in the form of mandamus. Such relief also requires a showing that the relief would be in aid of the court's jurisdiction. The Veterans Court properly assessed the availability of alternate means of relief in conducting that analysis. Second, the availability of alternative means of seeking relief is often intertwined with the irreparable harm analysis, as the Veterans Court explained here.

Likewise, Mr. Hambidge's argument that the Veterans Court was required to employ a "sliding scale" approach to its analysis of the injunctive relief factors is without merit under the circumstances present here. The Veterans Court found that Mr. Hambidge entirely failed to establish irreparable harm. Because this factor is required to be present before a court may issue a preliminary injunction, there was no need to apply a sliding scale approach.

Mr. Hambidge takes issue with the Veterans Court's substantive finding that he failed to demonstrate irreparable harm, but falls far short of establishing that the Veterans Court abused its discretion. The Veterans Court reasonably found that the VA's correction of Mr. Hambidge's COE, restoring his full benefits, ended any irreparable harm. Mr. Hambidge reiterates the same arguments that the Veterans Court rejected, asserting that periodic reports to VA on his usage of educational benefits might provide an opportunity for VA to again erroneously apply section 21.4020 to limit his benefits. The Veterans Court did not find this argument persuasive, and it is not – particularly now, given that Mr. Hambidge is scheduled to

complete his current educational program in a few months. In short, Mr. Hambidge's allegations of irreparable harm are too speculative to warrant the extraordinary relief of an injunction, as the Veterans Court rightly found.

Finally, Mr. Hambidge's challenge to the Veterans Court's determination that he possesses adequate alternative means of seeking relief does not meet his burden to establish that the Veterans Court abused its discretion. The Veterans Court was mindful that Mr. Hambidge continued to pursue relief through the administrative process and that his board appeal remained pending and in progress. Mr. Hambidge alleges that neither the board nor the Veterans Court could grant him full relief if VA were to again erroneously restrict his benefits, but this allegation is self-defeating, as it demonstrates that an injunction would not be in aid of the Veterans Court's jurisdiction. Moreover, the Veterans Court reasonably found that such allegations of harm were too speculative to warrant extraordinary relief.

Accordingly, Mr. Hambidge's has not met his burden to demonstrate that the Veterans Court abused its discretion in denying his petition for extraordinary relief, and this Court should affirm.

## ARGUMENT

## I.     Standard of Review

This Court reviews a decision to deny a petition under the AWA, including for a preliminary injunction, for an abuse of discretion. *Zenith Radio Corp. v. United States*, 710 F.2d 806, 809 (Fed. Cir. 1983); *Lamb v. Principi*, 284 F.3d 1378, 1384 (Fed. Cir.

2002). "An abuse of discretion may be established . . . by showing that the court made a clear error of judgment in weighing the relevant factors or exercised its discretion based on an error of law or clearly erroneous fact finding." *Lab. Corp. of Am. Holdings v. Chiron Corp.*, 384 F.3d 1326, 1331 (Fed. Cir. 2004) (cleaned up)).

When a request for a preliminary injunction is denied, an appellant "faces a heavy burden of showing that the trial court abused its discretion, committed an error of law, or seriously misjudged the evidence." *FMC Corp. v. United States*, 3 F.3d 424, 427 (Fed. Cir. 1993). Indeed, an appellant carries a heavier burden when seeking to reverse the denial of a preliminary injunction than seeking to reverse the grant of a preliminary injunction. *New England Braiding Co., Inc. v. A. W. Chesterton Co.*, 970 F.2d 878, 882 (Fed. Cir. 1992) (When a preliminary injunction is denied, an successful appeal of that decision "must show not only that one or more of the factors relied on by the district court was clearly erroneous, but also that a denial of the preliminary relief sought would amount to an abuse of the court's discretion upon reversal of an erroneous finding.").

## II.    The Veterans Court Did Not Abuse its Discretion in Denying Extraordinary Relief

Contrary to Mr. Hambidge's allegations, the Veterans Court employed the correct analysis in reaching its decision to deny his petition for extraordinary relief. Its analysis made all of the findings it was required to make. Because the Veterans Court ultimately found that Mr. Hambidge had not demonstrated irreparable harm in

the absence of an injunction or, relatedly, that he possessed no adequate alternative means of seeking extraordinary relief, the Veterans Court did not abuse its discretion in denying Mr. Hambidge's petition.

### A.    The Veterans Court Did Not Improperly Impose Too High a Burden on Mr. Hambidge to Demonstrate Entitlement to a Writ

The Veterans Court employed the proper analysis to Mr. Hambidge's petition. Appropriately, the Veteran's Court began its analysis by laying out the general standard for reviewing a petition for extraordinary relief under the AWA, which in this case Mr. Hambidge filed for interim relief while his administrative appeal remained pending at the board. The Veterans Court correctly explained that "[e]xtraordinary relief . . . is just as it sounds, a 'drastic' remedy that should only be invoked in extraordinary circumstances." Appx3 (citing *Monk v. Shulkin*, 855 F.3d 1312, 1318 (Fed. Cir. 2017); *Lamb*, 284 F.3d at 1382). The Veterans Court also noted that its authority to issue writs is limited to those in aid of its jurisdiction. Appx3. Indeed, "[i]t is well established that the AWA does not expand a court's jurisdiction," but instead "provides for the issuance of writs 'in aid of' the jurisdiction already possessed by a court." *Cox v. West*, 149 F.3d 1360, 1363 (Fed. Cir. 1998). The Veterans Court properly analyzed Mr. Hambidge's petition based on these principles.

Mr. Hambidge's petition sought extraordinary relief under the AWA in the form of a preliminary injunction – although, as the Veterans Court noted, Mr. Hambidge had also indicated that he would accept relief in the form of

mandamus. Appx3. Nevertheless, the Veterans Court began its analysis of

Mr. Hambidge's request for a preliminary injunction by expressly laying out the test

for such relief. Appx3. Although the test is familiar, its precise formulation tends to

vary slightly in each recounting. The Veterans Court, relying on this Court's decision

in *Zenith Radio*, stated that a party seeking a preliminary injunction "must demonstrate

four conditions—(1) that it will be immediately and irreparably injured; (2) that there

is a likelihood of success on the merits; (3) that the public interest would be better

served by the relief requested; and (4) that the balance of hardship on all the parties

favors the petitioner." Appx3 (quoting *Zenith Radio*, 710 F.2d at 809) (internal

quotation marks omitted). Mr. Hambidge favorably cites this formulation of the test.[2]

Applnt. Br. at 34.

As we discuss further below, other formulations of the test vary slightly and

incorporate the availability of alternate remedies into the irreparable harm factor given

that the two are interrelated. *See, e.g., Insulet Corp. v. EOFlow, Co.*, 104 F.4th 873, 879

(Fed. Cir. 2024) (Preliminary injunction requires findings that "(1) the plaintiff has a

---

[2] *Zenith Radio* was decided prior to the Supreme Court's decision in *Winter v. Natural Resources Defense Counsel, Inc.*, 555 U.S. 7 (2008), which is often cited for the preliminary injunction test, and which framed the test in slightly different wording. *Id.* at 20 ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."). Subsequent to the Supreme Court's decision in *Winter*, however, this Court has reaffirmed its test using the same wording as that relied upon by the Veterans Court, including in a case on which Mr. Hambidge relies, *Qingdao Taifa Grp. Co. v. United States*, 581 F.3d 1375, 1378 (Fed. Cir. 2009).

likelihood of success on the merits of his claim; (2) the plaintiff does not have an adequate remedy at law such that it will suffer irreparable harm without the injunction; (3) this harm is greater than the injury the defendant will suffer if the injunction is granted; and (4) the injunction will not harm the public interest.") (citation omitted). The Veterans Court recognized that these two concepts are intertwined, stating that "an allegation of irreparable harm when seeking an injunction is tantamount to asserting that there is no adequate alternative means to obtain the desired relief, inasmuch as the threat of only remediable injuries precludes both injunctive and mandamus intervention." Appx3 (citing *Lamb*, 284 F.3d at 1384). As Mr. Hambidge notes, some courts have addressed the interrelated but not identical nature of the irreparable harm and alternative remedy analyses by fashioning a five-part test for injunctive relief.[3] Applnt. Br. at 39 (citing *Budget Rent A Car Sys., Inc. v. Miles*, No. C2-04-CV-1205, 2006 WL 2373255, at *1 (S.D. Ohio Aug. 14, 2006), which employed a five-part test for injunctive relief, separately listing irreparable injury and availability of an adequate remedy at law).

---

[3] Mr. Hambidge argues that this case is inapposite because it analyzed a request for a permanent injunction whereas he seeks a preliminary injunction. Applnt. Br. at 40. It is well established, however, that the tests are the same, except for the need to conclude when issuing a permanent injunction that the movant has succeeded on the merits, rather than merely being likely to do so. *Winter*, 555 U.S. at 32 ("The standard for a preliminary injunction is essentially the same as for a permanent injunction with the exception that the plaintiff must show a likelihood of success on the merits rather than actual success.") (quoting *Amoco Prod. Co. v. Vill. of Gambell, AK*, 480 U.S. 531, 546 n.12 (1987)).

Whether analyzed separately or together, therefore, in determining whether to grant a request for preliminary injunctive relief a court must consider whether the petitioner will suffer irreparable harm absent such extraordinary relief – an analysis which often, as here, also includes an analysis of the availability of alternative means of seeking relief. This approach was particularly appropriate in this case, given the context of a request for extraordinary relief under the AWA while administrative proceedings remain pending. The Supreme Court has made clear that a court's power under the AWA is "essentially equitable and, as such, not generally available to provide alternatives to other, adequate remedies at law." *Clinton v. Goldsmith*, 526 U.S. 529, 537 (1999). Indeed, the Supreme Court has acknowledged that a writ may not be used when another method of review will suffice. *Id.* (quoting 19 Moore's Federal Practice § 201.40). The Veterans Court's analysis of Mr. Hambidge's petition was consistent with the law and properly analyzed the context of the petition, given the ongoing administrative proceedings.

Finally, Mr. Hambidge's focus on this Court's "sliding scale" approach to analyzing the injunctive relief factors, Applnt. Br. at 40-46, is misplaced here. Although a sliding scale approach to analyzing the injunctive relief factors may be appropriate when each is found to be present, this Court has clearly established that both likelihood of success on the merits and irreparable harm must be established before a preliminary injunction can issue. *Altana Pharma AG v. Teva Pharms. USA, Inc.*, 566 F.3d 999, 1005 (Fed. Cir. 2009) ("Although the factors are not applied

mechanically, a movant must establish the existence of both of the first two factors to be entitled to a preliminary injunction.") (citing *Amazon.com, Inc. v. Barnesandnoble.com, Inc.,* 239 F.3d 1343, 1350 (Fed. Cir. 2001)); *see also Insulet Corp.*, 104 F.4th at 883 ("In *Winter*, the Supreme Court held that even if the plaintiff demonstrates a strong likelihood of prevailing on the merits, a preliminary injunction may only be entered if the plaintiff further establishes that irreparable injury is likely in the absence of an injunction."). As we discuss further below, the Veterans Court in this case found that Mr. Hambidge had failed to establish irreparable harm. Appx6 ("In sum, Mr. Hambidge has an adequate alternative remedy for the relief he seeks and is no longer threatened with irreparable harm."). Accordingly, no sliding scale analysis was necessary here because, rather than merely making a relatively weak showing, Mr. Hambidge entirely failed to demonstrate the existence of one of the required elements of entitlement to preliminary injunctive relief. *See Nken v. Holder*, 556 U.S. 418, 438 (2009) (Kennedy, J., concurring) ("When considering success on the merits and irreparable harm, courts cannot dispense with the required showing of one simply because there is a strong likelihood of the other.").

## B.    The Veterans Court Did Not Abuse its Discretion in Finding that Mr. Hambidge Had Not Demonstrated Irreparable Harm

The Veterans Court reasonably found that when VA issued to Mr. Hambidge a new COE that restored his entitlement to the full VA educational benefits he had earned, any irreparable harm ended. Appx1, Appx5-6. Despite the Veterans Court's

finding that Mr. Hambidge was likely to succeed on the merits of his claim, this lack of irreparable harm itself was sufficient cause to deny Mr. Hambidge's request for the extraordinary relief of a preliminary injunction under the AWA while his administrative claim is being adjudicated. Although Mr. Hambidge argued that "the threat of irreparable harm persists," the Veterans Court was "not persuaded." Appx5. Mr. Hambidge has not demonstrated that the Veterans Court abused its discretion in so finding.

Mr. Hambidge argues that "he will suffer irreparable harm during the pendency of his appeal" because (1) 38 C.F.R. § 21.4020 remains on the books; (2) "both Mr. Hambidge and his school are routinely required to submit reports and certifications that will subject Mr. Hambidge's usage of his at-issue educational benefits to the Secretary's review"; and (3) if VA were to again apply section 21.4020 to erroneously limit Mr. Hambidge's benefits, it would substantially disrupt his in-progress MBA program. Applnt. Br. at 44. The harm Mr. Hambidge describes, however, is not currently taking place, but rather is a speculative, potential harm. As this Court has clearly established, "[a] party seeking a preliminary injunction must establish that it is *likely* to suffer irreparable harm without an injunction . . . [t]he mere possibility or speculation of harm is insufficient." *Koninklijke Philips N.V. v. Thales DIS AIS USA LLC*, 39 F.4th 1377, 1380 (Fed. Cir. 2022) (citing *Winter*, 555 U.S. at 22).

The Veterans Court analyzed the same arguments that Mr. Hambidge makes before this Court in alleging that he will suffer irreparable harm, but the majority found them unpersuasive. Appx5-6. The Veterans Court recognized that both Mr. Hambidge and his school "are required to submit to VA regular reports and certifications on his proper usage of chapter 33 education benefits." Appx5. The Veterans Court found, however, that "there is no reason to think that this periodic reporting would trigger a redetermination by VA of the full extent of chapter 33 education benefits the veteran is entitled to claim," and that "there is no likelihood that the Secretary will have occasion, following these proceedings, to apply § 21.4020's 48-month cap to him." Appx6.

Here, Mr. Hambidge does not demonstrate that the Veterans Court abused its discretion in reaching this conclusion, but merely reiterates the same arguments that the Veterans Court rejected. Applnt. Br. at 57-59. He again asserts that because both he and the school he is attending are required by regulation to submit regular reports to VA on his usage of educational benefits, any such report constitutes an opportunity for VA to again erroneously apply section 21.4020 to limit his benefits. *Id.* The missing element in Mr. Hambidge's argument, however, is any demonstration that the periodic reporting on which he relies would trigger the generation of a new COE. Mr. Hambidge's initial COE was triggered by his initial application for educational benefits subsequent to being accepted into the graduate program he is currently attending. Applnt. Br. at 16. Mr. Hambidge provides no evidence for his implicit

allegation that either his or his schools periodic reports would trigger an entire reassessment of his entitlement and a new COE, rather than a mere verification of his remaining benefits.  This is particularly true now, given that Mr. Hambidge is scheduled to complete his current educational program in December 2024, just a few months from the date of filing this brief.  Appx1.

Moreover, even if a reassessment were conducted, Mr. Hambidge does not show that after the VA issued a new COE that adhered to the statute and correctly granted Mr. Hambidge his full benefits notwithstanding the VA's outdated regulation, it would be likely to disregard the statute in any future reassessment that might occur. Indeed, the VA is generally entitled to a presumption of regularity in the conduct of its affairs, in which courts "will presume that public officers have properly discharged their duties." *Parks v. Shinseki*, 716 F.3d 581, 584 (Fed. Cir. 2013) (cleaned up). Where, as here, the officials have yet to act – if that opportunity to act even arises – the need for such a presumption is even stronger.  *Cf. Square One Armoring Serv., Inc. v. United States*, 123 Fed. Cl. 309, 329 (2015) (finding, in the government contracts context, that the presumption of regularity "ought to be at its zenith where the government has yet to act.") (cleaned up).

Mr. Hambidge's allegations of irreparable harm, therefore, amount to mere speculation, which the Veterans Court weighed and reasonably found insufficient to warrant the extraordinary relief of a preliminary injunction.  Mr. Hambidge falls far

short of his burden to demonstrate that the Veterans Court abused its discretion in so finding.

### C. The Veterans Court Did Not Abuse its Discretion in Finding that Mr. Hambidge Had an Adequate Alternative Means of Seeking Relief

Finally, Mr. Hambidge has not demonstrated that the Veterans Court abused its discretion in determining that he possessed adequate alternative means of seeking relief in the unlikely event that his educational benefits are again restricted. As the Veterans Court explained, Mr. Hambidge continues to pursue his administrative appeal, which remains pending before the board. Appx5; Applnt. Br. at 54. Although he notes that appeals before the board are often time consuming to resolve, he "does not allege that his administrative appeal is being unreasonably delayed or that VA is refusing to proceed with it." Appx5. Mr. Hambidge also does not allege that there would be any impediment to the Veterans Court reviewing a board decision adverse to him. *Id.* In his concurring opinion, Judge Falvey focused on this failure; to obtain extraordinary relief Mr. Hambidge was required to demonstrate that such relief would be in aid of the Veterans Court's prospective jurisdiction, but he made no such showing. Appx6-7.

Nor does he make such a showing here. Mr. Hambidge alleges that the Veterans Court erred in identifying the administrative appeals process as an adequate alternative, arguing that neither the board nor the Veterans Court would be able to compensate him for any monetary costs or intangible disruption to his education that

might result from a new erroneous limitation of his benefits. Applnt. Br. at 54-57.

The Veterans Court properly addressed this argument, as detailed above, when it

found that VA would not likely have occasion to redetermine Mr. Hambidge's

benefits in a way that would improperly disrupt his education. Appx5-6. Had VA not

issued Mr. Hambidge a new COE – or if it were to erroneously redetermine

Mr. Hambidge's benefits before he completes his education – the analysis might be

different; actual irreparable harm might warrant an injunction that would be in aid of

the Court's prospective jurisdiction to determine Mr. Hambidge's entitlement to

benefits. But in the absence of irreparable harm, the Veterans Court reasonably

found that Mr. Hambidge had not met his burden to make such a showing.

Moreover, even if Mr. Hambidge could demonstrate that the VA abused its

discretion in reaching that conclusion, Mr. Hambidge's argument suffers from another

fatal flaw. As his argument expressly acknowledges, the Veterans Court is without

jurisdiction "to compel the Secretary[4] to retroactively pay benefits, accrued interest, or

damages for other expenses Mr. Hambidge would incur to temporarily replace any

Post-9/11 educational benefits denied by the Secretary under Section 21.4020."

Applnt. Br. at 56. Because the Veterans Court lacks jurisdiction to order any such

---

[4] The Secretary is empowered under 38 U.S.C. § 503 to grant equitable relief, including monetary relief, when erroneous determinations create collateral negative impacts for veterans or other beneficiaries. The Veterans Court, however, does not possess jurisdiction to review these discretionary determinations. *Burris v. Wilkie*, 888 F.3d 1352, 1360 (Fed. Cir. 2018).

relief, a preliminary injunction would not be in aid of the Veterans Court's jurisdiction, a required element of a request for such extraordinary relief. 28 U.S.C. § 1651(a); *see also Goldsmith*, 526 U.S. at 534 (reversing injunction that was not issued in aid of a court's jurisdiction where action enjoined would have been beyond jurisdiction of court to review).

Accordingly, Mr. Hambidge's has not met his burden to demonstrate that the Veterans Court abused its discretion in finding that, even to the extent that he might still suffer any harm, he possessed an adequate alternative means of seeking relief.

## CONCLUSION

For these reasons, the judgment of the Veterans Court should be affirmed.

Respectfully submitted,

BRIAN M. BOYNTON
  *Principal Deputy Assistant Attorney
  General*

PATRICIA M. McCARTHY
  *Director*

/s/ *William J. Grimaldi*

WILLIAM J. GRIMALDI
  *Assistant Director*

*Of Counsel:*

Y. KEN LEE
  *Deputy Chief Counsel*

AMANDA BLACKMON
  *Attorney*

  *U.S. Department of Veterans Affairs*

/s/ *Anthony F. Schiavetti*

ANTHONY F. SCHIAVETTI
  *Senior Trial Counsel*
  *Commercial Litigation Branch*
  *Civil Division, U.S. Department of Justice*
  *P.O. Box 480, Ben Franklin Station*
  *Washington, DC 20044*
  *(202) 305-7572*
  *anthony.f.schiavetti@usdoj.gov*

September 2024

**CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limit of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 5,999 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Garamond 14-point font, a proportionally spaced typeface.

<span style="margin-left:50%">/s/ <em>Anthony F. Schiavetti</em></span>
<span style="margin-left:50%">ANTHONY F. SCHIAVETTI</span>